IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BENJAMIN CHOYCE, | ) | No. C 09-5402 JSW (PR) |
| Plaintiff, | ) | |
| v. | ) | **ORDER SERVING EXCESSIVE FORCE CLAIM** |
| SAN FRANCISCO SHERIFF'S | ) | |
| DEPARTMENT, OFFICER MARTIN, | ) | |
| OFFICER CHIBA, OFFICER LOZANO, | ) | (Docket Nos. 2, 4) |
| LIEUTENANT TILTON, SERGEANT | ) | |
| HASKELL, SERGEANT LASATER, | | |
| S.D. ANDERSON, S.D. LEIU, OFFICER | | |
| PINEDA, LIEUTENANT WONG, | | |
| Defendants. | | |

_____

## INTRODUCTION

Plaintiff, currently incarcerated at the Santa Rita County Jail, filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining of violations of his civil rights during his detention.  Plaintiff also seeks leave to proceed in forma pauperis.  For the reasons set forth below, the Court will order the complaint served. A separate order issued this date grants Plaintiff's *in forma pauperis* applications (docket nos. 2, 4).

## STATEMENT OF FACTS

Plaintiff alleges that an unreasonable amount of force was used against him on November 29, 2008, when he objected to a new cell mate after officers at the jail asked him to move to the top bunk of his cell.  Plaintiff alleges that after he explained that he could not get on the top bunk and that he and another inmate would have trouble being placed together, several officers and Sergeant Haskell pulled him to the ground, where he was placed in handcuffs and leg cuffs and beaten while immobilized and removed him to a rubber room, where he remained until the following day, when he discovered that his belongings were missing.  He seeks declaratory and injunctive relief, as well as damages.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**ANALYSIS**

Liberally construed, the allegations of Plaintiff's complaint present a cognizable claim against named Defendants Martin, Pineda, Lieutenant Tilton and Sergeant Haskell. However, the San Francisco Sheriff's Department is DISMISSED from this action. A city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978) (local governments cannot be liable under § 1983 under respondeat superior theory); *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). There is no liability under § 1983 solely because one is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Further, Plaintiff has not set forth any allegations against Defendants Chiba, Lozano, Lasater, Anderson, Lieu or Wong. As such, Plaintiff's claims against these Defendants are DISMISSED without

2

1   prejudice and they are TERMINATED from this action.

2                              **CONCLUSION**

3          For the foregoing reasons, the Court orders as follows:

4          1.  Plaintiff states a cognizable claim against **Officer Martin, Badge # 1892,**

5   **Officer Pineda, Badge # 1733, Lieutenant Tilton and Sergeant Haskell of the San**

6   **Francisco County Jail**.  Defendants Lasater, Chiba, Anderson, Leiu, Lozano and the

7   San Francisco Sheriff's Department are DISMISSED and TERMINATED from this

8   action.  The Clerk of the Court shall issue summons and the United States Marshal shall

9   serve, without prepayment of fees, a copy of the complaint and all attachments thereto

10  with all attachments thereto, and a copy of this order upon all Defendants listed above at

11  the **San Francisco County Jail.**  The Clerk shall also serve a copy of this order on the

12  San Francisco City Attorney's Office and on Plaintiff.

13         2.  In order to expedite the resolution of this case, the Court orders as follows:

14                a.  No later than **sixty (60) days** from the date of this order, Defendant

15  shall either file a motion for summary judgment or other dispositive motion, or a notice

16  to the Court that he is of the opinion that this matter cannot be resolved by dispositive

17  motion.  The motion shall be supported by adequate factual documentation and shall

18  conform in all respects to Federal Rule of Civil Procedure 56.

19         **Defendant is advised that summary judgment cannot be granted, nor**

20  **qualified immunity found, if material facts are in dispute.  If defendant is of the**

21  **opinion that this case cannot be resolved by summary judgment, he shall so inform**

22  **the Court prior to the date the summary judgment motion is due**.

23         All papers filed with the Court shall be promptly served on the Plaintiff.

24                b.  Plaintiff's opposition to the dispositive motion shall be filed with the

25  Court and served on Defendant no later than **thirty (30) days** from the date Defendant's

26  motion is filed.  The following notice is for the benefit of all pro se litigants:

27

28                                        3

The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is,  if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

c.  Defendant shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

3.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than **five** days prior

4

1  to the deadline sought to be extended.

2       5.  All communications by Plaintiff with the Court must be served on Defendant,

3  or Defendant's counsel once counsel has been designated, by mailing a true copy of the

4  document to Defendant or Defendant's counsel.

5       6.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

6  Court informed of any change of address and must comply with the Court's orders in a

7  timely fashion.  Failure to do so may result in the dismissal of this action for failure to

8  prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9       IT IS SO ORDERED.

10 DATED:  May 3, 2010

11 _____
   JEFFREY S. WHITE
12 United States District Judge

5

1

UNITED STATES DISTRICT COURT

2

FOR THE

3

NORTHERN DISTRICT OF CALIFORNIA

4

5

6    BENJAMIN CHOYCE,                          Case Number: CV09-05402 JSW

7              Plaintiff,                       **CERTIFICATE OF SERVICE**

8         v.

9    SF SHERIFF DEPT. et al,

10             Defendant.

_____/

11

12   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
     Court, Northern District of California.

13   That on May 3, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said
     copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
14   said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
     receptacle located in the Clerk's office.

15

16

17   Benjamin C. Choyce
     #2380465
18   5325 Broder Blvd.
     Dublin, CA 94568

19
                                            *Jennifer Ottolini*
20   Dated: May 3, 2010
                                            Richard W. Wieking, Clerk
                                            By: Jennifer Ottolini, Deputy Clerk
21

22

23

24

25

26

27

28