United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN CHOYCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAN FRANCISCO SHERIFF'S DEPARTMENT, OFFICER MARTIN, OFFICER CHIBA, OFFICER LOZANO, LIEUTENANT TILTON, SERGEANT HASKELL, SERGEANT LASATER, S.D. ANDERSON, S.D. LEIU, OFFICER PINEDA, LIEUTENANT WONG,<br><br>　　　　Defendants.<br>_____ | No. C 09-5402 JSW (PR)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTIONS, AND CERTIFYING THAT APPEAL WOULD NOT BE TAKEN IN GOOD FAITH<br><br>(Docket Nos. 34, 35, 37 & 42) |

## INTRODUCTION

This is a civil rights case filed by a pro se prisoner pursuant to 42 U.S.C. § 1983. Plaintiff currently is housed at California State Prison-Los Angeles County in Lancaster, California, but the events giving rise to this case occurred when he was at the San Francisco County Jail. He claims that Defendants had various roles in a beating allegedly administered when he refused to accept a cellmate and move to an upper bunk.

In the initial review order the Court dismissed defendants Lasater, Chiba, Anderson, Leiu, Lozano and the San Francisco Sheriff's Department, and concluded that plaintiff had stated a claim against defendants Martin, Pineda, Tilton and Haskell. Those

Defendants have moved for summary judgment on the ground that there are no material facts in dispute and that they are entitled to judgment as a matter of law. Plaintiff has filed an opposition to the motion and a supplemental opposition. Defendants have replied to both. For the reasons set out below, Defendants' motion for summary judgment is granted.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the nonmoving party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.*

When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Nissan*, 210 F.3d at 1102. "This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence."

*In re Oracle Corporation Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010) (*citing Anderson*, 477 U.S. at 252). A triable dispute of fact exists only if there is sufficient evidence favoring the nonmoving party to allow a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249. If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323.

**II.     Analysis**

Plaintiff's claim is that when he refused to accept a cellmate and refused to move to an upper bunk, Defendants forced him to the floor of his cell and handcuffed him. He asserts that after he was in restraints he was hit several times.

"After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted). Whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Whitley*, 475 U.S. at 320-21

Defendants have supported their motion for summary judgment with declarations from each of them, a declaration from counsel authenticating portions of a deposition of Plaintiff, and a declaration from Dr. Joe Goldenson authenticating Plaintiff's medical records and detailing the care he received after the incident.

It is undisputed that Plaintiff refused to accept a cellmate and move to an upper bunk. The declarations provided by the Defendants are evidence that none of them deliberately hit Plaintiff. Decl. Martin at ¶ ¶ 7-8 (did not enter cell or touch Plaintiff; did not observe anyone else striking him or encouraging force); Decl. Tilton at ¶¶ 6-7 (did not enter cell or touch Plaintiff; did not observe anyone striking him or encourage anyone to do so); Decl. Pineda at ¶ ¶ 6-9 (Plaintiff resisted efforts to handcuff him; did not deliberately strike Plaintiff or observe others doing so); Decl. Haskell at ¶ 8 (did not deliberately strike Plaintiff; any blow was accidental as result of confined quarters while

3

attempting to handcuff Plaintiff).  That is, Defendants contend there is no evidence of willfulness, an element of a prison excessive force claim.  The question, then, is whether any of Plaintiff's filings suffice to create a genuine dispute of fact on that point.  *See Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d at 1102.

Of Plaintiff's opposition documents, number 26 on the docket is a letter supported by a "Summary Judgment Memorandum."  The two-page memorandum itself is signed under penalty of perjury, but consists entirely of argument and contains no facts that could generate a genuine dispute of fact in opposition to the summary judgment motion.  The memorandum is supported by copies of statements from two prisoners and a copy of an administrative appeal filed by Plaintiff.

In a statement signed by Benjamin Foster, Foster says that he was the prisoner who was to be housed with Plaintiff, and that Plaintiff was "removed by force."  The statement is not notarized or signed under penalty of perjury, so cannot be considered for that reason, and in any event it contains no relevant facts, only the conclusory statement quoted above. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) (conclusory statement not sufficient to carry nomoving party's burden).

A statement by James A. Pace also is attached.  Pace appears to have been Plaintiff's cellmate at the time Pace signed the declaration.  The declaration is not notarized or signed under penalty of perjury, so cannot be considered for that reason, and in any event the contents are both conclusory and irrelevant to the claims here.

Also attached to the memorandum is a copy of an administrative appeal (grievance) filed by Plaintiff.[1]  It is signed under penalty of perjury, and so can be considered in determining if there is a genuine dispute of material fact.  The only allegations in the appeal that are relevant to the claim here are these:  "Then several officer[]s rushed into

---

[1] A copy of the grievance also served as Plaintiff's statement of facts in his complaint.  In consequence, although it is true that a verified complaint like this one can be treated as a declaration in opposition to a motion for summary judgment, doing so here would add nothing to Plaintiff's opposition.  *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating Plaintiff's verified complaint as opposing affidavit).

4

my cell[.] Sgt. Haskell was the face I seen before going off my bed to the floor. Where I was put into handcuffs and legcuff[s]. And cruel punished by hitting to my body, binding legs, and binding arms to cause pain." Doc 26, Ex. B. He also says: "When they took me out of the cell with handcuffs and legcuff[s] [t]hey held me by the center of both cuff[s] while in the air. That cause[d] more pain to arms and legs." *Id.* The only Defendant named is Haskell, and as to him Plaintiff says only that Haskell was "the face I seen" before he was moved to the floor, not that Haskell hit him or otherwise applied excessive force. And there is no allegation in this case that excessive force was used in forcing Plaintiff to the floor. The appeal does not provide any evidence whatever that any of the Defendants were guilty of using excessive force, and so is not sufficient to generate a genuine dispute of fact on that point.

Another of Plaintiff's documents that may be intended as an opposition is captioned "Order to Deny Summary Judgment Motion by the Defendants," although it is possible that he actually intends it to be a proposed order. In any event, it is not signed under penalty of perjury and contains no facts that would show the existence of a genuine dispute of fact.

Finally, Plaintiff has filed a one-page document headed "Supplemental Brief." It consists entirely of argument and contains no factual allegations.

In summary, nothing that Plaintiff has filed – even if the court were to overlook the procedural defects – suffices to show that there is a genuine dispute of fact as to his claims against the remaining Defendants. The motion for summary judgment will be granted.

## **CONCLUSION**

For the reasons discussed above, Defendants' motion for summary judgment (docket No. 37) is GRANTED. Plaintiff's motion for leave to amend (docket number 34) is DENIED because it does not comply with the local rules for such motions. *See* L.R. Civ. 10-1 (motion for leave to amend must include entire proposed amendment). Plaintiff's motions to show cause (docket numbers 35 and 42), which appear to be pleas not to grant summary judgment, are DENIED as moot.

5

The court CERTIFIES that an appeal in this case would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3) (appeal may not be taken in forma pauperis if court certifies that appeal is not taken in good faith); Fed. R.App.P. 24(a)(3) (same).

The clerk shall close the file.

IT IS SO ORDERED.

DATED: September 14, 2011

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN CHOYCE,

        Plaintiff,

  v.

SF SHERIFF DEPT. et al,

        Defendant.

Case Number: CV09-05402 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 14, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Benjamin C. Choyce
T-95057
P.O. Box 4430
Lancaster, CA 93539

Dated: September 14, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk